UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SARA WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-319-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MOTORIST MUTUAL INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Sara Wheeler's damage claim for future impairment of her earning capacity. Defendant The Travelers Home and Marine Insurance Company ("Travelers") filed a motion for partial summary judgment to dismiss this claim while Defendant Motorists Mutual Insurance Company ("Motorists") filed a motion *in limine* to exclude evidence of lost earning capacity. [Record Nos. 28, 29] Plaintiff filed a single response to both motions. [Record No. 32] The defendants did not file a reply as permitted by the local rules and the parties have sought to supplement their filings with additional evidence or authority. For the reasons discussed below, the defendants' motions will be denied.

**I.**

On September 7, 2011, Wheeler traveled from her home in Georgetown, Kentucky to Cincinnati, Ohio to start an oncology research internship at the University of Cincinnati. Wheeler was struck by a car as she crossed the street from the parking garage at the intersection of Goodman and Eaton Avenue. Wheeler settled with the tortfeasor policy limits

of $12,500. She then filed suit against Motorists and Travelers for underinsured motorists ("UIM") benefits. The only issue to be resolved at trial is the amount of Wheeler's damages. The parties agree that liability has been established and that Wheeler is entitled to UIM coverage under policies issued by Motorists and Travelers. Among other damages, Wheeler asks for compensation based upon the resulting impairment of her future ability to earn money. [Record No. 1-2, Complaint, ¶ 6]

## II.

### A. *In Limine* Motion

Motorists' motion *in limine* is not properly before the Court and will be denied. "Unlike a summary judgment motion, which is designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion *in limine* is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d. Cir. 1990)). Motions *in limine* are designed to "exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.* (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). It is not a means to dispose of an entire claim or element of damages. Motorists' argument rests entirely on the presumption that Wheeler cannot meet her burden of proof on this claim and, therefore, all evidence relevant to this claim should be excluded at trial. [Record No. 29, p. 6] Where a motion *in limine* is nothing other than a "rephrased summary judgment motion, the motion should not be considered." *Id.* at 563.

### B. Summary Judgment Motion

Travelers' motion for partial summary judgment will be denied because it has failed to show that it is entitled to judgment as a matter of law on this element of damages. Fed. R.

Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). Under Kentucky law,[1] Wheeler need only show with reasonable probability that the injury sustained is permanent to allow the matter of impairment of earning power to be presented to the jury. *Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 230 (Ky. 2007) (citing *Rogers v. Sullivan*, 410 S.W.2d 624, 628 (Ky. 1966)). While not every permanent injury will result in impairment of earning power, the jury is considered "capable of determining, from the evidence and their common knowledge and experience, whether there has been a permanent impairment, the extent of such impairment, and the value of such impairment." *Id.* at 230–31.

Travelers argues that Wheeler cannot present evidence that she sustained a permanent injury as a result of the accident. To the extent that Wheeler argues that her bulging or herniated disc is a permanent impairment, Travelers contends that none of the medical sources have attributed that injury to the accident. Thus, it alleges that Wheeler cannot show causation. In support, Travelers summarizes Wheelers' medical records. However, key records have been omitted from the exhibits entirely. Dr. Gregory D'Angelo appears to have ordered an MRI and bone scan, and examined Wheeler on several occasions, but only the first treatment visit appears in the record. [Record No. 28-6] While Travelers references The Christ Hospital Records, including certain diagnostic tests, as being attached, the only

---

1   Travelers acknowledges a disagreement among the parties regarding whether Kentucky or Ohio law applies to this case, but applied Kentucky law to the analysis in the motion. Motorists applied Ohio law to the motion *in limine*. The Court need only analyze the choice of law when a conflict occurs between the two states' laws. *Asher v. Unarco Material Handling*, 737 F. Supp. 2d 662, 667–68 (E.D. Ky. 2010) (citing *Williams v. Toys "R" Us*, 138 F. App'x 798, 803 (6th Cir. 2005)). In the absence of a material conflict, Kentucky law applies. *Id.*; *see Williams*, 138 F. App'x at 803; *see also Georgel v. Preece*, No. 13-57-DLB, 2014 WL 5500404 (E.D.Ky. Oct. 30, 2014) (applying Kentucky law where plaintiff, a Kentucky resident, brought suit against his UIM carrier for damages caused in an accident occurring in West Virginia).

attachment at the referenced exhibit contained a "Confirmation of Receipt of Medical Record Information Request." [Record No. 28-3] Travelers also references MRI results and a December 5, 2011 treatment visit with Dr. Wallace Huff, which are not contained in the referenced exhibit. [Record No. 28-5] Travelers "bears the initial responsibility" of identifying the portions of the record which demonstrate an absence of a genuine issue of material fact, but has failed to do so here. *Celotex*, 477 U.S. at 323.

Wheeler argued in her response that the motion was premature, noting that Dr. D'Angelo would be deposed on January 30, 2015. This deposition, Wheeler argued, would provide the court with a record from which to address Travelers' motion for summary judgment. The Court understands that the deposition has occurred,[2] yet neither party has made the effort to supplement their filings regarding this motion.

This Court "is not required to speculate on which portion of the record the nonmoving [or moving] party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nomoving party's [or moving party's] claim." *Ferguson v. Williamson Cnty. Dep't of Emergency Commc'ns*, 18 F. Supp. 3d 947, 954 (E.D. Tenn. 2014) (quoting *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)). Without the relevant documents and analysis from the parties, the Court will deny Travelers' motion for summary judgment on damages for future impairment of earning power. Fed. R. Civ. P. 56(a). Accordingly, it is hereby

**ORDERED** as follows:

---

2   Travelers has now filed Dr. D'Angelo's deposition transcript as part of the record, albeit with respect another motion. It would appear that Wheeler intends to rely on certain aspects of Dr. D'Angelo's testimony in support of her claim for damages for future impairment of the power to earn money. [Record No. 38, p.2]

1.	Defendant Travelers Home and Marine Insurance Company's motion for summary judgment [Record No. 28] is **DENIED**.

2.	Motorists Mutual Insurance Company's motion *in limine* to exclude evidence of lost earning capacity [Record No. 29] is **DENIED**.

This 2nd day of March, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge