UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| SARA WHEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-319-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MOTORIST MUTUAL INSURANCE | ) | **MEMORANDUM OPINION** |
| COMPANY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant The Travelers Home and
Marine Insurance Company's ("Travelers") objections to certain testimony and exhibits
expected to be introduced during trial.  [Record No. 46]  Plaintiff Sara Wheeler responded to
the objections [Record No. 50] and the Court heard arguments during a recent hearing.
Travelers objects to certain testimony in Dr. Gregory D'Angelo's video deposition regarding
surgical treatment options, interference with Wheeler's day-to-day activities, and Wheeler's
truthfulness.[1]  Travelers also objects to Wheeler's proposed "Nerve Distribution" exhibit.
[Record No. 37, p. 2, ¶5]

### A.  Testimony relating to surgical treatment options

Travelers objects to Dr. D'Angelo's testimony regarding surgical treatment options
[Record No. 46-1, p. 24, ll. 2–24; p. 31, ll. 1–3] for Wheeler's injury under Fed. R. Evid.
701–03.  Wheeler has been receiving epidural injections as treatment for her back injury,

---

[1]    Travelers and Wheeler have agreed that any references to insurance will be edited from the video
deposition.  [Record No. 50, p. 4]

referred to as a herniated disc, or a bulging, protruding, or slipped disc. [Record No. 46-1, p. 11] When asked about the injections, Dr. D'Angelo described the injections and also discussed possible surgical treatments available to treat injuries of this type, if the injections were not successful. Wheeler contends that this testimony is helpful to understand the nature of her injury, whether it can naturally reverse itself, and the full range of treatment options. It is undisputed that Wheeler is not a surgical candidate at this time and will not be asking for compensatory damages for the cost of surgery. Dr. D'Angelo testified at another point in his deposition that there was no indication that Wheeler would need surgery as of the dates that he saw her. [Record No. 46-1, p. 51] Nonetheless, Travelers objects on the basis that there is only a possibility that Wheeler may need surgery, and that mentioning surgery may confuse the jury.

Considering Dr. D'Angelo's testimony as a whole, the Court does not believe that the testimony will mislead the jury; conversely, it has probative value to allow the jury to understand the nature of the condition. Given that Dr. D'Angelo does not suggest that Wheeler is a candidate for surgery, his testimony regarding treatment options is permissible. Further, any possibility of confusion can easily be cured by a cautionary instruction, if requested by the defendants. As a result, Travelers' objection will be overruled.

**B.  Interference with day-to-day activities**

Travelers also objects to Dr. D'Angelo's testimony regarding certain limitations that Wheeler may experience because this area of testimony lacks a factual basis and under Fed. R. Evid. 701–03. In response to the question by Wheeler's attorney, "How would a herniated disc long term affect someone's job situation?", Dr. D'Angelo responded:

A:     Well, I mean, the fact that she has the type of job she has I don't think is relevant to this.  In fact, this bothers her with day-to-day activities at home, so no matter what job you had you would have problems.
. . .
        And so I'm pretty confident in saying that if it hurts with day-to-day activities, it's going to hurt with any type of employment.

Q:     Okay. And -- and you've made a good point. It -- it will interfere with her leisure activities?

A.     Yes.

[Record No. 46-1, p. 25, ll. 24–25; p. 26, ll. 1–3, 8–13]

Travelers contends that there's no evidence that Wheeler told Dr. D'Angelo that her injury affected her daily activities.  However, Travelers does not cite to any statements suggesting that Wheeler did not discuss her daily activities or symptoms with Dr. D'Angelo. Instead, Wheeler submits that she discussed her activities and symptoms with Dr. D'Angelo during her office visits, and points to her treatment notes on December 16, 2011 as evidence of those discussions.  [Record No. 50-3 ("[S]hould symptoms increase or cause further problems, we can reevaluate . . . she will use anti-inflammatory medication and activity modification to maintain comfort.").]  Dr. D'Angelo testified that his opinions were provided within a reasonable degree of medical certainty.  [Record No. 46-1, pp. 24–25]  To the extent that Wheeler reported symptoms to Dr. D'Angelo that were consistent with his testimony, Dr. D'Angelo's statements are admissible.  Thus, this objection will be overruled.

## C.  Wheeler's alleged exaggeration or malingering

Dr. D'Angelo testified during his deposition that he did not think that Wheeler was malingering or exaggerating her symptoms.  [Record No. 46-1, p. 71, ll. 2–7]  Travelers contends that this testimony is evidence of Wheeler's truthful character and may only be

admitted after her "character for truthfulness has been attacked."  Fed. R. Evid. 608.
Wheeler argues that her credibility is and will be attacked during the trial in this matter.

The Court recognizes the "practical difficulty in ruling on such motions [in] the absence
of context that comes when the challenged evidence is presented with the other proofs at
trial."  *Figgins v. Advance America Cash Advance Ctrs.*, 482 F. Supp. 2d 861, 865 (E.D.
Mich. 2007).  The Court will defer ruling "until trial so that questions of foundation,
relevancy and potential prejudice may be resolved in proper context."  *Indiana Ins. Co. v.
Gen. Elec., Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### D.  Nerve Distribution Exhibit

Travelers objects to Wheeler's use of a demonstrative exhibit during trial based on the
lack of a proper foundation.  The challenged exhibit includes two views of the spinal cord
and an illustration demonstrating nerve distribution.  [Record No. 37, p. 2, ¶ 5]  Wheeler
contends that she will be able to lay a proper foundation during trial for use of these
demonstrative exhibits through the testimony of physical therapist Donna Walker.  The Court
will defer ruling on the admissibility of this demonstrative exhibit until Walker's testimony
is offered.  *See Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

Accordingly, it is hereby

**ORDERED** that Travelers' objections [Record No. 46] are **OVERRULED**, in part,
as discussed above.

This 10th day of March, 2015.



Signed By:

*__Danny C. Reeves__*

United States District Judge